**ARMSTRONG v. STEELE, Warden.**

No. 14075.

United States Court of Appeals
Eighth Circuit.

April 26, 1950.

Charles Armstrong, pro se.

Sam M. Wear, United States Attorney. and Sam O. Hargus, Assistant United States Attorney, Kansas City, Mo., for appellee.

Before JOHNSEN, RIDDICK, and STONE, Circuit Judges.

PER CURIAM.

On the 26th day of January, 1949, in the United States District Court for the Southern District of Texas, Laredo Division, Charles Armstrong entered a plea of guilty to an indictment charging him in the first count with smuggling marihuana into the United States with intent to defraud the United States, and in the second count with knowingly receiving, concealing, and transporting the marihuana after importation into the United States, each count

---

charging a violation of section 545, Title 18 United States Code, 18 U.S.C.A. § 545, and in the third count with having unlawfully received the marihuana without paying the transfer tax required by section 7 of the Act of Congress of August 2, 1937, known as the Marihuana Tax Act of 1937, section 2590(a), Title 26 United States Code, 26 U.S.C.A. § 2590(a). He received a sentence of 18 months imprisonment on each of the three counts of the indictment, the sentences on the first and second counts to run consecutively. The execution of sentence on the third count was suspended for a term of five years, the period of probation to begin at the conclusion of the service of the sentences imposed on the first and second counts. Armstrong is now serving the sentence imposed on the first and second counts of the indictment in the U. S. Medical Center for Federal Prisoners at Springfield, Missouri.

On September 29, 1949, Armstrong filed an application for a writ of habeas corpus in the United States District Court for the Western District of Missouri, claiming that the sentences imposed upon him are void because not within the jurisdiction of the court. Petitioner did not allege or prove that he had complied with section 2255, Title 28 United States Code, 28 U.S. C.A. § 2255, and for that reason his petition for habeas corpus was dismissed.

Section 2255, Title 28 United States Code, 28 U.S.C.A. § 2255, provides that a prisoner in custody under sentence of a court of the United States, claiming the right to be released on the ground that the sentence was imposed in violation of law or that the sentencing court was without jurisdiction to impose the sentence, may move the sentencing court to vacate, set aside, or correct the sentence, and further: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

It does not appear from anything in the record that the remedy by motion in the sentencing court, provided by section 2255, is inadequate or ineffective to test the legality of petitioner's detention.

The judgment of the District Court was right and must be affirmed.