WEBER v. STEELE, Warden, U. S.

Medical Center (two cases).

Nos. 14197, 14219.

United States Court of Appeals
Eighth Circuit.

Dec. 19, 1950.

John Weber, appellant, pro se.

Sam M. Wear, U. S. Atty., Kansas City, Mo. and William Aull, III, Asst. U. S. Atty., Lexington, Mo., for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

### No. 14197.

The appellant is confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, under a sentence imposed by the United States District Court for the Northern District of Texas. On June 28, 1950, he filed in the United States District Court for the Western District of Missouri a document entitled, "Writ of Habeas Corpus and Motion to vacate convictions, judgments, commitments and sentences or other relief as the Court may see fit." The District Court treated it as a petition for a writ of habeas corpus and, after pointing out that under Section 2255 of Title 28 U.S.C.A., the Court was pre-

cluded from entertaining the petition, entered an order denying it. This appeal is from that order.

 Section 2255 of Title 28 U.S.C.A., provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." The section also provides that "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion to vacate or correct a sentence can be made in the sentencing court at any time. A denial of such a motion by that court is subject to review by the Court of Appeals of the Circuit in which the sentencing court is located, and on certiorari by the Supreme Court of the United States.

 The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy. See Berkoff v. Humphrey, 8 Cir., 159 F.2d 5, 7-8; Byrd v. Pescor, 8 Cir., 163 F.2d 775, 779-780; Armstrong v. Steele, 8 Cir., 181 F.2d 763, 764; Pinkerton v. Steele, 8 Cir., 181 F.2d 536.

The order appealed from is affirmed.

No. 14219.

This is an appeal from an order denying the appellant's "Motion to Correct Sentence or to be Released on Illegal Sentence," filed November 13, 1948, which was denied on November 17, 1948. The District Court treated the motion as a petition for a writ of habeas corpus. The petition charged the illegality of the appellant's detention under the same sentence which he has challenged in case No. 14,197. The appellant's petition in this case is subject to the same infirmities as his petition in No. 14,197.

The appeal is without merit. The order appealed from is affirmed.