**D. A. SIMMONS, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15867.**

United States Court of Appeals Eighth Circuit.

April 18, 1958.

F. Neil Aschemeyer, Clayton, Mo., for appellant.

O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal in forma pauperis by D. A. Simmons, Jr., hereinafter called appellant, from order denying his petition for a writ of habeas corpus ad subjiciendum. Appellant was indicted in the federal court for the Western District of Oklahoma on February 16, 1955, on the charge of violating 18 U.S.C.A. § 2312. The indictment charged the crime was committed on December 28, 1954. Appellant, who was represented by counsel, was tried by a jury and found guilty on March 7, 1955, and on March 14, 1955, was sentenced to serve a term of five years. There is nothing in the record to indicate that the question of appellant's mental competency to stand trial was raised at the time of his trial. Appellant is presently serving his sentence at the U. S. Medical Center for Federal Prisoners at Springfield, Missouri.

Appellant has filed a brief and a reply brief pro se. His court-appointed counsel, F. Neil Aschemeyer, has filed a brief and made oral argument on behalf of appellant. We wish to thank Mr. Aschemeyer for accepting this appointment and for his able representation of the appellant before this court. We have given all briefs and arguments full consideration.

The appellant in his brief pro se sets out the issues on this appeal as follows:

1. Did the trial court err in not making a finding on the appellant's mental condition before trial, as is provided in Title 18 U.S.C.A.—Section 4244?

2. May perjured testimony by the complaining witness in a criminal trial be, legally, used to obtain and sustain a conviction?

3. May a trial judge inject his own personal opinion into his charge to the jury, though it be highly prejudicial against this appellant?

4. Did the appellant have the effective assistance of counsel?

Appellant's counsel relies only upon Issue No. 1, above stated, the sanity issue. He states that since appellant has alleged prior adjudication of insanity, a presumption arises that such condition continued through the time of his trial and sentence, and that consequently the judgment and sentence are void and appellant is entitled to discharge on habeas corpus.

We shall first consider Issues Nos. 2, 3, and 4, above stated, raised by the appellant pro se.

■ The appellant raised substantially these same issues in a motion pursuant to 28 U.S.C.A. § 2255, filed in the Western District of Oklahoma. Such motion was denied. Upon appeal the Tenth Circuit affirmed. Simmons v. United States, 230 F.2d 73. The court there stated the issues as follows (at page 74):

"The grounds of attack upon the judgment and sentence as pleaded in the motion to vacate were that appellant was convicted upon the uncorroborated evidence of a co-defendant; that at the time of the transportation as charged in the indictment the co-defendant had papers of ownership of the automobile which the State of Oklahoma recognized; that appellant believed in good faith that the co-defendant was the owner of the automobile; that at the trial a named person testified that he owned the automobile while official records disclosed that another person was the owner; that the co-defendant received a less sentence than did the appellant; that the imposition of such sentences indicated prejudice on the part of the trial court against appellant; and that appellant did not have effective assistance of counsel in that appellant was without funds with which to appeal the case and the court appointed counsel declined to continue in the case and perfect an appeal. * * *"

The Court of Appeals affirmed the determination of the Oklahoma court that it conclusively appeared from the record that the appellant was entitled to no relief. The petition filed in the Oklahoma court and the proceedings there are not set out in the record. No record of the

original trial resulting in appellant's conviction is before us.

It would appear from the quotation from the opinion of the Tenth Circuit that the substance of appellant's complaints involved in Issues Nos. 2, 3, and 4 was considered by the Oklahoma court and found to be without merit. The appellant has failed to point out any valid reason why such asserted errors should now be reexamined. Moreover, if there is anything included in Issues Nos. 2, 3, and 4 which was not raised in the Oklahoma court, we could not consider such issue, as section 2255 requires that the issue first be raised in the sentencing court.

We now pass to the sanity issue.

■ The trial court held no hearing upon appellant's petition. Under such circumstances it must be assumed upon appeal that the factual allegations of the petition are true. House v. Mayo, 324 U. S. 42, 45, 65 S.Ct. 517, 89 L.Ed. 739. The Government contends that the allegations of the petition are not sufficient to establish that a presumption of insanity existed at the time of the trial. The appellant does assert that he was adjudged insane by a jury in Fort Worth, Texas, on December 17, 1952, and that on December 20, 1952, he was committed to a mental hospital "to receive treatment as a mentally ill person suffering from Schizophrenia," and that on May 31, 1956, he was found by a Federal Board of Examiners to be suffering from the old mental illness, and appellant was transferred to the Medical Center at Springfield, Missouri. Appellant asserts that he was afflicted with mental illness for a long period of time.

■ This court has held that an adjudication of insanity refutes the presumption of sanity and at least makes out a prima facie case of incompetency. Byrd v. Pescor, 8 Cir., 163 F.2d 775, 778; Ashley v. Pescor, 8 Cir., 147 F.2d 318, 321.

It is true that the appellant did not set out the manner in which he gained his freedom from the mental institution.

Obviously, he was not incarcerated at the time the alleged crime was committed.

We are inclined to think that the appellant has adequately pleaded the fact issue that he lacked mental competency at the time of his trial and sentence. Since, as hereinafter pointed out, we believe that the judgment must be affirmed for other reasons, we shall assume, without further discussion, that the appellant has pleaded sufficient facts to raise the issue of his sanity at the time of his trial and sentence.

■■ The Government next contends that the issue of appellant's sanity at the time of trial and sentence must be raised in the sentencing court by a motion under section 2255. We agree. The purpose of section 2255 and its legislative history are fully considered in United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L.Ed. 232. The Court there shows that the statute was passed at the instance of the Judicial Conference to meet many practical problems that had arisen in habeas corpus proceedings, and that its purpose was to afford the prisoner the same rights by motion in the sentencing court. In Weber v. Steele, 8 Cir., 185 F.2d 799, 800, this court states:

"The purpose of Section 2255 was ·to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy. * * * "

Section 2255 clearly provides that a prisoner is required to exhaust his rights to have a sentence vacated in the sentencing court before habeas corpus is available. Martin v. United States, 8 Cir., 248 F.2d 554, 556.

While appellant has applied for section 2255 relief upon some grounds in the sentencing court, as hereinabove set out,

912

he did not in said proceedings raise the issue of his mental competency at the time of his trial. The right to apply to the sentencing court for relief upon this ground is still open to him. While in oral argument appellant, in an attempt to avoid the restrictions placed upon habeas corpus by section 2255, stated that the motion before the sentencing court would be ineffective, he made no such allegation in his petition.

There is nothing whatever in this record to indicate that the sentencing court would not give full and fair consideration to a proper 2255 motion to vacate sentence, based upon the ground that appellant was insane at the time of his trial and sentence. The sentencing court is the proper court to pass upon such a motion, and we should not attempt to anticipate or predict its decision.

▪ It appears to be now well established that mental competency of a convicted defendant at the time of his trial and sentence can be raised by a 2255 motion in instances where the issue of sanity at the time of trial had not been raised and determined by the trial court at the trial. Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, vacated and remanded for a rehearing 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Gregori v. United States, 5 Cir., 243 F.2d 48. In the last cited case the court states (at page 54):

"However, we do not believe it necessary to enter into a detailed analysis of the earlier cases, for a recent decision of the Supreme Court appears practically to foreclose argument on this point. In Bishop v. United States, 96 U.S.App. D.C. 117, 223 F.2d 582, vacated and remanded for a hearing 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, the sequence of facts is rather similar to that present here. Bishop was tried and sentenced in a proceeding in which no clear determination of his then sanity was made, but in which he was ably represented by counsel; soon after commitment he was adjudged insane and from the type of insanity and also in light of his earlier conduct some of the medical authorities concluded that it was likely that defendant had been disabled at the time of his trial—though at that time at least a preliminary report certifying his sanity had been made. This and other evidence was presented to the trial court which, very much like the court below, considered only the documentary evidence in the files or attached to the motion and answer and denied relief. The circuit court agreed unanimously that the issue could properly be raised under § 2255, but the majority held that the district court's consideration had been an adequate hearing under this section. The Supreme Court in a memorandum opinion, vacated the judgment and remanded the case for a hearing by the district court, thus apparently upholding the position taken in the dissenting opinion that no adequate hearing had yet been had.

"The Bishop case controls our determination of the present appeal on several points. By necessary implication it upholds the applicability of § 2255 to this type of collateral attack since otherwise no hearing would have been ordered. * * *"

We agree with the Fifth Circuit's interpretation of the Bishop case and with the result it reaches.

At the time of oral argument, Gordon v. United States, 10 Cir., 250 F.2d 676, was cited to us. This case holds that when the issue of an accused's sanity at the time of trial is not raised in the trial court, and accused was declared insane shortly after sentence, 18 U.S.C.A. § 4245 provides the exclusive remedy, and accused's sanity at the time of trial could not be determined upon motion filed under section 2255. The court cites no cases in support of its conclusion, nor does the opinion point out whether the certificate contemplated by 4245 was filed.

▪ Section 4245 provides that when a Federal Board of Examiners certifies that there is probable cause to believe a

prisoner was mentally incompetent at the time of trial, and the issue of mental competency was not determined before or during the trial, the sentencing court shall hold a hearing to determine the mental competency of the accused, and, if accused is found to have been incompetent at the time of trial, the judgment of conviction shall be vacated. The effect of this statute on the right to resort to a 2255 motion was also considered in the Gregori case, supra, 243 F.2d at page 52. It is there pointed out that proceedings under 4245 come into operation only when the board certifies that it is probable accused was insane at the time of trial. Such a certificate will not issue in all cases. In many situations the board will be unable to state with any certainty that the insanity pre-dated the trial. There is nothing in the record in the present case to indicate that certificate of probable cause has issued. We are inclined to agree with the holding of the Fifth Circuit in the Gregori case, supra, to the effect that if a certificate of probable cause has not issued, the accused should have the right to have the sanity issue determined under a 2255 motion.

Thus, it would appear that the question of sanity at the time of trial can be determined by the sentencing court pursuant to section 4245 if jurisdictional facts are present, or under section 2255 if appropriate certificate to invoke jurisdiction under section 4245 is not filed. In Byrd v. Pescor, supra, 163 F.2d at page 780, this court points out many reasons why the sentencing court should determine whether or not a sentence should be vacated, and then states:

" * * * It is certainly in the interest of an orderly administration of justice to require a defendant in a criminal case to exhaust all of his ordinary remedies in the court of original jurisdiction before seeking relief by habeas corpus.

"Since we think the petitioner had, and still has, an ordinary remedy which is more adequate and appropriate than habeas corpus, our conclusion is that Judge Reeves did not err in refusing to issue the writ prayed for. * * * *"

All of the reasons for denying habeas corpus in the Byrd case are present here.

The case before us affords another example of the wisdom of the statutory procedure requiring issues such as here presented to be disposed of by the sentencing court. Such court has all the records and files pertaining to the original trial. We have no information whatever as to what took place at the trial. We have no knowledge whether or not the certificate contemplated by section 4245 has been filed, nor have we any information as to whether the question of appellant's mental competency to stand trial was raised and considered at the time of the trial.

We are satisfied upon the record before us that the appellant has not demonstrated that he has exhausted his remedies in the sentencing court. The trial court therefore properly denied his application for habeas corpus.

Affirmed.