**Marvin Ferris BREATON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16987.

United States Court of Appeals Eighth Circuit.

June 19, 1962.

**558**

James W. Singer, III, and Ramon J. Morganstern, of Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, Mo., made argument for appellant, and was on the brief.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., on the brief for appellee.

Before VOGEL, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal in forma pauperis by Marvin Ferris Breaton, hereinafter called appellant, from final order denying his petition for writ of habeas corpus wherein he seeks discharge from federal custody upon the ground that he was mentally incompetent at the time of his trial and conviction. The trial court issued a show-cause order, whereupon the Government filed its response. From such response and the record before us, it appears that the appellant was convicted of bank robbery by a jury in the United States District Court for the Northern District of Ohio, hereinafter called the Ohio court, and on May 23, 1956, he was sentenced to serve a term of twenty-five years imprisonment. He was represented at the trial by Dan McCullough, a lawyer of his own choosing. No appeal was taken from the judgment of conviction.

Appellant, while serving his sentence at Alcatraz, on January 22, 1957, was examined by a prison sanity board which determined that he was in a state of acute catatonic schizophrenic reaction. Upon recommendation of the board he was sent to the Medical Center at Springfield, Missouri, where he has since remained.

No 18 U.S.C.A. § 4245 certificate of probable cause to believe that appellant was insane at the time of trial has been filed by the Director of Prisons.

Appellant filed his 28 U.S.C.A. § 2255 motion in the sentencing court, asserting he was insane at the time of trial. He was granted a full hearing on his motion and was represented by a court appointed

counsel. The defendant did not appear in person at such hearing.[1]

Section 2255 provides such motion may be determined without production of the prisoner. The Ohio court denied the motion. The Court of Appeals affirmed. United States v. Breaton, 6 Cir., 290 F.2d 856. In its opinion the Court of Appeals thus discusses the proceeding:

"In his motion to vacate, Breaton claimed that he was insane at the time of his trial and also at the time the alleged offense was committed. He further claimed that he did not have effective assistance of counsel at his trial.

"The District Court granted a hearing on his motion to vacate and appointed competent counsel to represent him. Appellant offered no evidence at the hearing in support of his motion. The Government, on the other hand, offered evidence to establish that appellant's claims were unfounded. Appellant, at the hearing, sought to make out his case by cross-examination of the Government's witnesses. In this, he was unsuccessful.

"Two expert medical witnesses were offered by the Government. They both specialized in psychiatry and one of them was employed at U. S. Medical Center at Springfield, Missouri where appellant was under treatment. Both doctors gave their opinion that Breaton was not insane at the time of his trial, but had possession of his faculties and was fully able to understand and appreciate the nature of the proceedings and co-operate with his counsel in the defense of the case. Cross-examination of these witnesses proved ineffectual." 290 F.2d 857.

The court, in its opinion in response to appellant's contention that he lacked effective assistance of counsel in his criminal trial, observed that Mr. McCullough

whom the defendant had employed to represent him was an experienced and able lawyer, and that he "conducted a vigorous defense of his client in the best traditions of his profession."

Appellant was represented in the § 2255 proceedings by competent court-appointed counsel, both in the trial court and the court of appeals. No petition for certiorari for review of the affirming opinion of the court of appeals was filed.

It now appears to be settled law that the mental competency of a convicted defendant at the time of trial can be raised by a § 2255 motion filed in the sentencing court in instances where the sanity at the time of trial has not been raised or determined in the trial resulting in conviction, and where no certificate contemplated by 18 U.S.C.A. § 4245 has been filed. Taylor v. United States, 8 Cir., 282 F.2d 16, 21–23; Simmons v. United States, 8 Cir., 253 F.2d 909, 912; Burrow v. United States, 8 Cir., 301 F.2d 442.

In our present case, no § 4245 certificate was filed and the sanity issue was not raised or determined at the trial resulting in conviction.

Section 2255 by its terms provides that habeas corpus shall not be entertained before all ordinary remedies are exhausted. In Weber v. Steele, 8 Cir., 185 F.2d 799, 800, we said:

"The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy."

We quoted and applied the foregoing rule in Smith v. Settle, 8 Cir., 302 F.2d 142.

---

1. Appellant's present counsel, in oral argument in response to a question from the court, stated appellant had not appeared in court because of the nature of his illness.

In our present case, appellant by reason of his failure to apply for certiorari on the decision of the Sixth Circuit has failed to exhaust his § 2255 remedy.

Appellant contends that he is entitled to habeas corpus relief for the reason that he has brought himself within the exception stated in § 2255 which reads, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." He argues that Mr. McCullough, his attorney at the conviction trial, violated the Sixth Amendment and the attorney-client privilege by testifying in the § 2255 hearing, thereby depriving such hearing of due process of law under the Fifth Amendment. Principal reliance is placed upon Gunther v. United States, 97 U.S. App.D.C. 254, 230 F.2d 222, where the court after deciding the case on another issue observed that defense counsel, because of the attorney-client privilege, should not be interrogated as to his opinion of the accused's competency at the time of trial. No supporting cases are cited in the opinion. In any event, the problem in that case arose upon direct appeal and not in a collateral attack such as here. For a criticism of the foregoing opinion, see opinion by Judge Holtzoff, in United States v. Wiggins, D.C., 184 F. Supp. 673, 678.

■ Appellant was represented in the § 2255 hearing by Gerald Openlander. Mr. McCullough was no longer representing the appellant. The asserted error in receiving Mr. McCullough's testimony in the § 2255 proceeding affords no basis for any claim that Mr. McCullough did not effectively represent the appellant in the trial resulting in his conviction. Nor does it afford any basis for the contention that the § 2255 relief is inadequate or ineffective. The error urged is one that should have been raised in the Ohio court, and by appropriate appellate proceedings from the Ohio court's decision. In this collateral proceeding we are without jurisdiction to review the decision of the Ohio court and the affirming opinion of the Sixth Circuit with relation to any error of law that might have been occasioned by the reception of Mr. McCullough's testimony in the § 2255 proceeding.

So far as we are able to determine from the limited record before us, no objection was made in the § 2255 proceeding to Mr. McCullough's competency as a witness or to any of the testimony which he gave. This issue is not discussed in the Sixth Circuit opinion upon appeal. Under such circumstances, no basis for the assertion that the § 2255 proceeding does not afford an effective remedy exists.

■ Moreover, even if the reception of Mr. McCullough's testimony could be said to be erroneous, there is a total lack of any showing of prejudice. In the § 2255 proceeding the burden, as stated by the Sixth Circuit, was upon the appellant to establish his incompetency at the time of his trial. Miller v. United States, 4 Cir., 261 F.2d 546; Taylor v. United States, 8 Cir., 229 F.2d 826, 832; Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, 586; United States v. Wiggins, D.C., 184 F.Supp. 673. See also Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ ■ Appellant offered no evidence in support of his incompetency allegations. He sought to establish his case by the vigorous cross-examination of Mr. McCullough and the two psychiatrists offered as witnesses by the Government. There was no evidence before the Ohio court to support a finding of incompetency at the time of trial. Without evidence to support a claim of incompetency, no basis exists in the § 2255 proceeding for granting appellant relief. Upon this record we cannot say that appellant has demonstrated that his § 2255 remedy is inadequate or ineffective to test the validity of his conviction. No showing has been made that any meritorious legal or factual basis exists for finding that the appellant was insane at the time of his conviction. If appellant has any valid basis for asserting such insanity, he is required under § 2255 to seek relief by motion in the sentencing court. Res judicata does not apply to § 2255 proceed-

ings. See Lipscomb v. United States, 8 Cir., 298 F.2d 9. Thus, § 2255 relief in the sentencing court is not completely foreclosed.

Appellant has wholly failed to demonstrate that he has been denied any constitutional rights or that his conviction is in any way impaired by any violation of his constitutional rights. Under the facts here presented, the court was without jurisdiction to entertain the application for habeas corpus. The court committed no error in denying the writ.

This court wishes to express its thanks to Mr. James W. Singer, III, and Mr. Ramon J. Morganstern who were appointed by the court to represent the appellant upon this appeal for their able and zealous efforts on their client's behalf.

Affirmed.