Louis SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18151.

United States Court of Appeals
Ninth Circuit.

Aug. 16, 1963.

Pillsbury, Madison & Sutro and Frank L. Mallare, San Francisco, Cal., for appellant.

Warren C. Colver, U. S. Atty., and James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal by Louis Smith, appellant herein, from an order of the United States District Court for the District of Alaska denying appellant's petition under 28 U.S.C. § 2255 for an order setting aside his sentence. The facts in the main are undisputed, but are somewhat complicated.

On November 10, 1960, appellant was indicted in the United States District Court for the District of Hawaii, the indictment containing two counts. The first count charged appellant and two others with the crime of conspiracy to violate 21 U.S.C. § 174 by arranging for appellant to procure narcotics in the Orient and to mail or import such narcotic drugs into the United States. The second count charged that on or about October 10, 1960, appellant imported into the United States heroin in violation of 21 U.S.C. § 174.

From about September 14, 1960, until November 24 or 25, 1960, appellant was in Korea. On approximately the latter date, he bought an airplane ticket to go from Korea to Tokyo, Japan. When his plane stopped in Tokyo, appellant was refused admittance into Japan (for some reason unexplained in the record). The Japanese authorities told him that he had to stay out of the country one year and for that reason would have to leave on the same plane that he had arrived upon. That plane was going to Alaska, and he was permitted to stay on the plane for a free ride from Tokyo to Alaska.

When he arrived in Alaska on November 25, 1960, the authorities there arrested him upon the warrant that had been issued for his arrest by reason of the indictment in Hawaii. After his arrest for this charge, he was searched and found to have approximately eleven grains of heroin on his person, which he stated were for his own use. Shortly thereafter, he was indicted in Alaska upon the charge of importing narcotics into Alaska.

We think that it would serve no purpose to set out in detail the proceedings in the District Court of Alaska from the time of appellant's arrival in Alaska on November 25, 1960, to March 31, 1961. It will suffice to say that during that time appellant first entered guilty pleas to counts 1 and 2 of the Hawaii indictment, then withdrew his guilty plea to count 2 of that indictment and pleaded not guilty to count 2. Still later, he withdrew this latter not guilty plea and pleaded guilty to count 2. Also, he first pleaded guilty to the Alaska charge, then changed his mind and pleaded not guilty to that charge, and later again changed his mind and pleaded guilty.

At no time during the proceedings in the Alaska district court was the appellant represented by an attorney. While at some times he was asked if he thought he needed an attorney and replied "No", at other times he was told that if he was going to plead guilty, an attorney's advice would not help him.

On March 1, 1961, he changed his plea to guilty on the Alaska charge and received a sentence of five years imprisonment. After he had received this sentence, he was told that if he pleaded guilty to the Hawaii charge, he would get the same sentence on that charge as he had received on the Alaska charge, and that such sentence would run concurrently with the sentence on the Alaska indictment. Thereafter, on March 31, 1961, he changed his plea upon the Hawaii indictment from not guilty to guilty on each count.

In accordance with the representations that had been made to appellant the court thereupon sentenced him to five years on each count of the Hawaii indictment to run concurrently with each other and with the Alaska indictment sentence. However, about one and a half hours later, he was brought back into court and told that a grievous error had been discovered in respect to the minimum sentence upon the Hawaii charge. Appellant was informed that the minimum sentence was ten years instead of five years, and that therefore the five year sentence on the Hawaii charge must be withdrawn. This was done and appellant was then sentenced to ten years on each count, to run concurrently with each other and with the Alaska sentence.

We do not reach the question whether under the circumstances of this case a minimum sentence of ten years was mandatory.[1] It is apparent that the pleas of guilty of appellant to the Hawaii indictment were received with the understanding that appellant would receive no greater sentence than he had already received upon the Alaska charge. Later, when the district judge had a different view of what the mandatory minimum sentence was, the second sentence was pronounced without giving the appellant an opportunity to withdraw his previous plea of guilty. Under these circumstances we feel that the plea of guilty by the appellant to the Hawaii charges and the sen-

---

1. The court's conclusion that a minimum sentence of ten years was mandatory was based upon its interpretation of the following provision of 21 U.S.C. § 174:

   "For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years * * *."

   Section 7237(c) of the Internal Revenue Code of 1954 reads in pertinent part as follows:

   "(c) Conviction of second or subsequent offense.—

   "(1) Prior offenses counted.—For purposes of * * * subsections (c) and (h) of section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C., sec. 174), * * * an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which was provided in subsection * * * (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act (21 U.S.C., sec. 174); * * *."

   However, on facts similar to those of the instant case, the First Circuit concluded that the "subsequent offense" provisions would not be applicable. (Gonzales v. United States, 224 F.2d 431 (1st Cir., 1955)).

tence imposed thereon should be set aside.[2]

The appellant may desire to plead not guilty to the Hawaii charge, and in that event further proceedings would be transferred to the Hawaii district court.

The case is remanded to the District Court of Alaska with instructions to set aside appellant's pleas of guilty to the Hawaii charges, to set aside the sentence imposed thereon, and to take such further proceedings as may be necessary.

2. Cf. Pilkington v. United States, 315 F.2d 204 (4th Cir., 1963).