David Joseph RAWLS, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 15218-1 and 15231-1.

United States District Court
W. D. Missouri, W. D.

Dec. 30, 1964.

Turner White, III, Springfield, Mo.,
for petitioner.

F. Russell Millin, U. S. Atty., John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

On December 9, 1964, the above matter was called for hearing on petitioner's most recent application for a writ of habeas corpus. The facts and circumstances are fully set forth in the transcript of that hearing. They are also set forth in footnote 1 on page 778 of 330 F.2d. The evidence introduced conclusively demonstrated that any application by petitioner to his sentencing court pursuant to Section 2255 would be inadequate and ineffective in light of the prior determination made by both the sentencing court and the United States Court of Appeals for the Fifth Circuit in its opinion as reported in 330 F.2d 777.

The opinion of the Fifth Circuit shows that the rule of decision of that circuit is in direct conflict with the rule of decision of the United States Court of Appeals for the Fourth Circuit as announced in Pilkington v. United States, 315 F.2d 204.

At the hearing on December 9, 1964, we called specific attention to that conflict. We also directed attention to the fact that each judge of this District Court who has had occasion to pass on the legal question presented indicated his acceptance of Pilkington and his rejection of the Fifth Circuit rule as originally announced in Cunningham v. United States, 256 F.2d 467.

The Ninth Circuit has indicated its acceptance of Pilkington in at least two cases (Smith v. United States, 9 Cir. 1963, 321 F.2d 954, and Young Hee Choy v. United States, 9 Cir. 1963, 322 F.2d 64). At the hearing we called attention to district court cases, including one decided by a District Judge in the Fifth Circuit (McCullough v. United States, N.D.Fla.1964, 231 F.Supp. 740) that followed Pilkington rather than Cunningham. We also understand that the Department of Justice has directed all United States Attorneys to comply with the requirements of Pilkington (see United

States Attorneys Bulletin, Vol. 12, No. 6, page 139, dated March 20, 1964).

It is therefore obvious that we believe our acceptance of Pilkington and our rejection of Cunningham rests upon sound ground and that it should be applied if we have jurisdiction and power to act and if applicable juridical considerations require that we do act.

At the hearing we directed attention to the last paragraph of Section 2255 of Title 28 United States Code, which provides that an application for a writ of habeas corpus shall not be entertained unless the petitioner has unsuccessfully applied for relief pursuant to Section 2255 in his sentencing court and unless "it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."

We then cited and discussed the decisions of my controlling court and of the Supreme Court of the United States in support of my tentative judgment that the writ should issue unless the Government could call to my attention authorities which I had not considered and which would support a contrary view. I granted the Government a period of ten (10) days within which to present those authorities to me.

I have considered the authorities cited by the Government and find they are not contrary to the tentative judgment I expressed at the hearing.

Reference to this Court's opinion in Anderson v. Settle, W.D.Mo.1962, 211 F. Supp. 74, demonstrates that the general line of authorities to which the Department of Justice has directed my attention was recognized and applied to the facts presented by that case. Under those facts, we determined that there had been no showing that the remedy by Section 2255 was either inadequate or ineffective to test the legality of the detention of the petitioner involved in that case.

It is indeed difficult to comprehend how one could say that a petitioner's remedy by Section 2255 can be said to be either "adequate or effective to test the legality of the petitioner's detention" in this case, for the obvious reason that it can not be reasonably anticipated that either the sentencing court or the Fifth Circuit Court of Appeals is going to change its already expressed view. Nor can we ignore the fact that petitioner's maximum sentence will have expired long before he could again apply to his sentencing court, again appeal to the Fifth Circuit, and attempt certiorari to the Supreme Court. Everyone concedes that petitioner can not be legally held beyond February 5, 1965.

The Government has directed our attention to the following cases which we have read and considered: Meyers v. Welch, 4th Cir. 1950, 179 F.2d 707; Hildebrandt v. Swope, 9th Cir. 1956, 229 F. 2d 582; Rice v. Clemmer, 4th Cir. 1957, 242 F.2d 870, cert. denied 354 U.S. 924, 77 S.Ct. 1385, 1 L.Ed.2d 1438 (cited in our Anderson opinion, supra); Overman v. Wilkinson, 5th Cir. 1958, 256 F.2d 58; Moore v. Taylor, 10th Cir. 1961, 289 F.2d 450, cert. denied 368 U.S. 853, 82 S.Ct. 90, 7 L.Ed.2d 51; Burdette v. Settle, 8th Cir. 1961, 296 F.2d 687; Black v. United States, 10th Cir. 1962, 301 F.2d 418 (based on Barrett v. United States, 10th Cir. 1960, 285 F.2d 758, which we cited in Anderson); and Breaton v. United States, 8th Cir. 1962, 303 F.2d 557 (based on Weber v. Steele, 8th Cir. 1950, 185 F.2d 799, which we cited in Anderson and quoted from extensively at the time of the hearing in this case).

The Government also directed our attention to Madigan v. Wells, 9th Cir. 1955, 224 F.2d 577, which purports to hold that "[a]n application for a writ of habeas corpus 'shall not be entertained' if the applicant has been denied relief on a § 2255 motion." We expressly reject that statement as a correct paraphrase of § 2255, and, under the Supreme Court of the United States cases to which we directed attention at the hearing (including particularly the rationale of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)), we think such a holding would inject grave constitutional questions that would deny the effectiveness of the Great Writ.

United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 274, 96 L.Ed. 232 (1952), teaches that "[i]n a case where the Section 2255 procedure is shown to be 'inadequate or ineffective', the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing."

Footnote 40 on page 223, 72 S.Ct. on page 274 calls attention to the adaption by Congress in its enactment of Section 2255 of essentially the same discretionary considerations that existed in connection with habeas corpus proceedings under various rules of decision. The citation of Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), and the other cases cited in footnote 40 demonstrates that under the adapted habeas corpus procedure it was the exercise of judicial discretion and not an absence of power and jurisdiction that regulated the withholding of relief in situations where the remedy in courts other than the habeas corpus court was both adequate and effective.

Hayman makes clear that if the Section 2255 procedure is "inadequate or ineffective" a failure to exercise habeas corpus jurisdiction would present constitutional questions that are obvious. Hayman determined that because there was no showing of inadequacy or ineffectiveness of the Section 2255 proceeding involved in that case "we do not reach constitutional questions"; intimating, of course, that if those factual circumstances were not established, that constitutional questions would have to be faced.

We have no quarrel with any of the cases cited by the Government except the dictum we have noted in Madigan. We believe that all of those cases are distinguishable on the facts. In each there was a judicial determination that adequate and effective relief could be obtained by a Section 2255 motion. We cannot find those facts in this case for the reasons we have stated. We expressly find that a renewed Section 2255 motion would be both ineffective and that it would be inadequate. We rule as a matter of law that the determination of the sentencing court and the Fifth Circuit are not res judicata (Sanders v. United States, supra) and that the writ should issue.

Accordingly, this matter having been regularly brought on for hearing, upon the issues joined by the pleadings, the same having been duly heard on December 9, 1964, and after full opportunity was afforded the respondent to submit authorities and after a compliance with that order of this Court, due consideration has been given to the legal questions presented, it is by the Court ordered, adjudged and decreed

That the petitioner is presently being illegally restrained of his liberty for the reasons stated herein and for the reasons stated at the time of the hearing; it is further ordered, adjudged and decreed that petitioner be and he is hereby discharged from the custody under which he is now being held and that he go hence without delay.