Douglas MacArthur **STORLIE**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 16027–2.

United States District Court
W. D. Missouri, W. D.

June 30, 1966.

Kenneth K. Simon, Kansas City, Mo., for petitioner.

Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER

COLLINSON, District Judge.

We deal here with an application for a writ of habeas corpus by the petitioner who is currently detained in the Jackson County (Mo.) jail where he is held pending a determination by the United States Board of Parole in his parole revocation hearing held May 19, 1966.

At the core of petitioner's complaint are the events which took place in 1961. He was charged on August 7th that year with violation of the Dyer Act and furnished with appointed counsel. After consultation, he waived indictment and entered a plea of guilty. The Court there sentenced him under the provisions of § 5010(b) of Title 18 U.S.C., the Federal Youth Corrections Act. These proceedings took place in the Federal District Court for the District of Arizona. Petitioner concedes that prior to his plea of guilty he was aware of the maximum sentence for violation of the Dyer Act, but alleges he was never informed of the maximum sentence he could receive under the Youth Corrections Act. He argues that "his plea of guilty was voluntary to the Dyer Act with a maximum penalty of five years and/or $5,000.00 fine, but was actually involuntary to (sic) because of his receiving the Youth Corrections Act which exceeds the maximum to which he plead guilty." He cites supporting authority in Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963); United States v. Hayman, 342 U. S. 205 (1952); and Rawls v. United States, 236 F.Supp. 821 (W.D.Mo.1964), a decision of this Court written by John W. Oliver, J.

Storlie points out to the Court that his "maximum sentence will have expired long before he could again apply to his sentencing court, appeal to the Ninth Circuit, and attempt certiorari to the Su-

preme Court. It must be conceded that petitioner can not legally be held beyond August 16, 1967."

Assuming, without deciding, that everything which petitioner has alleged regarding explanations made to him of maximum sentences is true, *Pilkington,* supra, holds that he is entitled to a hearing on the voluntariness of his plea *in an application for post conviction relief to his committing court under 28 U.S.C. § 2255.*

*Hayman,* supra, after setting out the background and reasons for § 2255, held that where there were disputed issues of fact involved, the Court is required to hold an evidentiary hearing in which the movant should be present.

The decision of this Court in *Rawls,* supra, dealt with a case very like unto the instant one on the facts. In *Rawls,* however, the petitioner had attacked his sentence under § 2255, received an adverse ruling, appealed that decision to the Fifth Circuit where it was affirmed, and subsequently filed a petition for a writ of habeas corpus. There, Judge Oliver held that since it could not be reasonably anticipated that either the district court or the Circuit Court of Appeals for the Fifth Circuit would change its view, the petitioner's remedy by way of § 2255 was so inadequate or ineffective as to permit this Court to assume jurisdiction of an application for a writ of habeas corpus (Rawls was an inmate of the Medical Center for Federal Prisoners, Springfield, Missouri, within the Southern Division of the Western District of Missouri). Notable in my brother Oliver's opinion is his finding that the Ninth Circuit (in which the District of Arizona, Storlie's committing court, is found) has indicated its acceptance of Pilkington in at least two cases [Smith v. United States, 321 F.2d 954 (9th Cir.1963), and Young Hee Choy v. United States, 322 F. 2d 64 (9th Cir.1963)]. He also notes that all United States Attorneys have been told to follow *Pilkington* in United States Attorneys Bulletin, Vol. 12, No. 6, p. 139 (March 20, 1964).

Before we can consider this application for a writ of habeas corpus, we must first determine whether or not the applicant has exhausted his remedies in his committing court, for he is not entitled to seek habeas corpus until he has done so or unless it appears that his remedy by way of a § 2255 motion is inadequate or ineffective. 28 U.S.C. § 2255 and see my opinion in Stephens v. United States, 250 F.Supp. 641 (W.D.Mo.1965) aff'd sub nom. Stephens v. Harris, 358 F. 2d 301 (8th Cir.1966); Weber v. Steele, 191 F.2d 815 (8th Cir.1951); Haynes v. Harris, 344 F.2d 463 (8th Cir.1965); Burdette v. Settle, 296 F.2d 687 (8th Cir. 1961); Smith v. Harris, 237 F.Supp. 665 (W.D.Mo.1964).

Respondent has filed a response to our show cause order indicating that petitioner raised this same question in a § 2255 motion (as he now raises here in his application for a writ of habeas corpus) on or about September 8, 1964. Petitioner has acknowledged that his motion was overruled and that he took no appeal.

Based on the statements of the petitioner he has clearly failed to exhaust the remedies available to him in his committing court and its supervising appellate court. He has ample time to do so before the expiration of his sentence which he claims to be on August 16, 1967, over one year from now, although we in no way intend this to be taken as our opinion that he is correct as to his most remote date of release. As pointed out earlier, unlike *Rawls,* he comes from a Circuit which has accepted *Pilkington* and relief through a motion to vacate sentence would not be inadequate or ineffective. In *Stephens,* we rendered an opinion in thirty-seven days after the application was filed and the appeal was decided less than seven months after the filing of the application by Stephens in the District Court. It is to be expected that the District Court for the District of Arizona and the Ninth Circuit may act with equal haste and rapidity. Any de-

lay at this point is not to be laid at the feet of the respondent or the courts. Petitioner could and should have appealed the denial of his 1964 § 2255 motion.

■ Finding that petitioner has failed to exhaust his remedies in the district and circuit of the court which committed him, and further finding that those remedies do not appear to be either ineffective or inadequate, we have determined that we have been deprived of the power to entertain this application for a writ of habeas corpus, and it is

Ordered that petitioner's application for a writ of habeas corpus is hereby denied and this cause dismissed.