**Larry CAMPBELL, Petitioner,**

v.

**Ramsey CLARK, as Attorney General of the United States and John J. Norton, Warden, Respondents.**

No. 3–67 Civ. 222.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 27, 1967.

Philip A. Gillis, Detroit, Mich., for petitioner.

Patrick J. Foley, U. S. Atty., Minneapolis, Minn., by William E. Falvey, Minneapolis, Minn., for respondents.

NEVILLE, District Judge.

Petitioner seeks a writ of habeas corpus in this court. He is physically within the court's jurisdiction by virtue of his present incarceration at the Federal Detention Center at Sandstone, Minnesota.

Petitioner was convicted in the United States District Court for the Eastern District of Tennessee for endeavoring to bribe a juror in violation of 18 U.S.C. § 1503 (1964), and was sentenced to three years imprisonment. The Sixth Circuit Court of Appeals affirmed his conviction in an exhaustive opinion, United States v. Hoffa, 349 F.2d 20 (1965), which was reviewed on limited issues and affirmed on certiorari by the United States Supreme Court, Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). He commenced the serving of his sentence in March, 1967.

An order to show cause why a writ of habeas corpus should not issue to test the legality of the petitioner's detention was issued by a judge of this court. The Government duly appeared for the respondents and at its request this court entered an ex parte order restricting the inquiry at the hearing on the return date of the show cause order, i. e., September 25, 1967, to the question of the applicability of 28 U.S.C. § 2255 (1964) as a jurisdictional bar to issuance of the petitioner's writ of habeas corpus by this court. The parties have presented their respective positions by briefs and by oral argument.

In pertinent part, § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the*

*remedy by motion is inadequate or ineffective to test the legality of his detention.* (emphasis added).

Since the petitioner concededly has not sought relief in the Eastern District of Tennessee where he was sentenced, the Government contends that the language of § 2255 forecloses the possibility of habeas corpus relief in this court. Petitioner, on the other hand, claims that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention" in the sentencing court.

■ Section 2255 contemplates the expedient review and disposition of a prisoner's claims by overcoming the practical difficulties previously encountered when all habeas corpus petitions came to the district court whose jurisdiction encompassed the federal prison or detention center. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). An element of that policy was noted in Simmons v. United States, 253 F.2d 909, 913 (8th Cir. 1958), where the court said that, "[t]he case before us affords another example of the wisdom of the statutory procedure requiring issues such as here presented to be disposed of by the sentencing court. Such court has all the records and files pertaining to the original trial. We have no information whatever as to what took place at the trial." Such policies underlying § 2255 though not conclusive must be kept in view in deciding the merits of petitioner's contentions.

■■ It is well settled that a petitioner who is a federal prisoner must invoke the relief provisions of § 2255 before seeking habeas corpus relief when the issues concerning his allegedly illegal detention have not been explored and considered by the sentencing court and possible relief there is not shown to be inadequate or ineffective. See Cagle v. Ciccone, 368 F.2d 183 (8th Cir. 1966) (per curiam); Gajewski v. Stevens, 346 F.2d 1000 (8th Cir. 1965) (per curiam); Breaton v. United States, 303 F.2d 557 (8th Cir. 1962); Smith v. Settle, 302 F.2d 142 (8th Cir. 1962) (per curiam);

Burdette v. Settle, 296 F.2d 687 (8th Cir. 1961) (per curiam); Simmons v. United States, 253 F.2d 909 (8th Cir. 1958); Martin v. United States, 248 F.2d 554 (8th Cir. 1957); Weber v. Steele, 185 F.2d 799 (8th Cir. 1950) (per curiam). Thus, to the extent that petitioner seeks to litigate questions and to present evidence that heretofore have not been presented to and adjudicated by the trial court in Tennessee, clearly he cannot present such by a petition for a writ of habeas corpus in this district but must return to the sentencing court.

The crux of the petitioner's position regarding the inadequacy and ineffectiveness of § 2255 is based upon his futile direct appeal to the Sixth Circuit Court of Appeals. Petitioner reiterates in his petition, brief and oral argument that the issues he seeks to raise in this court were presented to and disposed of adversely to him by the sentencing court in the first instance and on direct appeal thereafter from that adverse judgment. Though the Supreme Court granted certiorari, the issues were limited, and those which the petitioner seeks to raise were not considered. Hoffa v. United States, 382 U.S. 1024, 86 S.Ct. 645, 15 L.Ed.2d 538 (1966). In his memo, petitioner adverts to the fact that he has some new and additional evidence to present, going however to the same issues as were presented to the convicting court. In essence, petitioner's argument is that since the prior dispositions at trial and on direct appeal therefrom were unfavorable on the precise issues, and since no subsequent Sixth Circuit decisions have indicated a reversal of its attitude toward such issues, then the relief in the sentencing forum is inadequate or ineffective. Thus, the petitioner concludes that the last paragraph of § 2255 quoted above does not preclude consideration of his petition for habeas corpus in the district of his confinement.

■ This court finds contrary to the petitioner's contentions. The vast majority of the decisions construing the "inadequate or ineffective" language of § 2255 deal with the problem of successive

motions or applications for post-conviction relief. The courts are nearly unanimous in holding that a lack of success on a prior § 2255 motion to vacate does not mean that the remedy in the sentencing court is inadequate or ineffective so as to permit jurisdiction in another court over a petition for a writ of habeas corpus. Breaton v. United States, 303 F.2d 557 (8th Cir. 1962); Burdette v. Settle, 296 F.2d 687 (8th Cir. 1961) (per curiam); Litterio v. Parker, 369 F.2d 395 (3d Cir. 1966); Cain v. Markley, 347 F.2d 408 (7th Cir. 1965); Stirone v. Markley, 345 F.2d 473 (7th Cir.), cert. denied, 382 U.S. 829, 86 S.Ct. 67, 15 L. Ed.2d 73 (1965); Crismond v. Blackwell, 333 F.2d 374 (3d Cir. 1964); Waugaman v. United States, 331 F.2d 189 (5th Cir. 1964); Redfield v. United States, 315 F.2d 76 (9th Cir. 1963); Williams v. United States, 323 F.2d 672 (10th Cir. 1963); Hunt v. United States, 301 F.2d 663 (4th Cir. 1962). This conclusion is reached largely on the ground that the res judicata doctrine is inapplicable in habeas corpus and § 2255 proceedings because of the view taken in United States v. Sanders, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the guiding § 2255 decision. There the Court explicitly held that a court conducting a subsequent § 2255 proceeding is not bound by a former finding. Since the former adjudication is inconclusive, permitting the sentencing court to reopen its inquiry into the merits of a petitioner's claims, relief is not shown to be inadequate.

That the absence of the res judicata doctrine compels the conclusion of an existent, adequate § 2255 remedy is further indicated by the language of Sanders, where the Court stated that:

> [E]ven assuming the constitutionality of incorporating res judicata in § 2255, such a provision would probably prove to be completely ineffectual, in light of the further provision in the section that habeas corpus remains available to a federal prisoner if the remedy by motion is "inadequate or ineffective." A prisoner barred by

res judicata would seem as a consequence to have an "inadequate or ineffective" remedy under § 2255 and thus be entitled to proceed in federal habeas corpus—where, of course, § 2244 applies. Id. at 14, 83 S.Ct. at 1077.

Since the Court explicitly held in that decision that res judicata does not apply, seemingly, the Court negatively implies that the motion under § 2255 is adequate and effective absent other exceptional circumstances.

Although Sanders and the other cases cited above regarding the absence of res judicata are dealing with successive motions under § 2255, by analogy the rationale is available in this case since the sentencing court may under § 2255 reinquire into its former decision if it finds meritorious grounds for doing so. It would seem to follow a fortiori that if a court lacks habeas corpus jurisdiction where the points raised are the same as those presented to and denied by the sentencing court in a § 2255 proceeding, an adverse determination of the same issues at a trial and on a direct appeal should have no higher or greater stature. That is, where a habeas corpus petition sets forth the same grounds as have been previously denied in a § 2255 motion and yet the habeas corpus court lacks jurisdiction, a fortiori the same should be true where the points presented to the sentencing court were not in a § 2255 proceeding but were on a trial and a direct appeal from the conviction. Peculiarly enough neither counsel has cited to us nor have we found any case which deals exactly with the precise point raised by petitioner. The case that comes as close as any to a discussion of the problem would seem to be Redfield v. United States, 315 F.2d 76 (9th Cir. 1963), although there apparently the question of self-incrimination which was the basis of a California habeas corpus petition following a sentencing by a Nevada federal court was not raised in the motion for new trial or on appeal from the original conviction in the Nevada court. See also Gajewski v. Stevens, 346 F.2d 1000 (8th Cir. 1965),

where a petition for habeas corpus raised many, but apparently not all, of the contentions which had been raised and determined in a prior trial and on direct appeal from the conviction.

It is clear that the sentencing court must entertain the petitioner's claims to the same extent this court would be required to do if it had jurisdiction. This court therefore holds that the remedy available pursuant to § 2255 is not inadequate or ineffective to test the legality of the petitioner's detention. The court notes the exhaustive analysis given the petitioner's contentions by the Sixth Circuit on direct appeal from his conviction. That opinion assures this court that petitioner's assertions if directed to the sentencing court will receive adequate and fair consideration.

Petitioner places great reliance upon the case of Rawls v. United States, 236 F.Supp. 821 (W.D.Mo.1964), where the federal district court held that habeas corpus was available after a federal petitioner had sought § 2255 relief without success, including an appeal, and the precise issues presented in the habeas corpus proceeding had received adverse rulings in the § 2255 proceedings. The court, however, emphasized that the basis of its ruling lay in the fact that the Fifth Circuit in which petitioner was sentenced and the Eighth Circuit where the habeas corpus proceedings were brought followed different legal rules regarding the petitioner's claims. Moreover, since the petitioner was soon to be released, the lack of time was a factor that caused any other remedy to be inadequate. In the instant case, on the other hand, petitioner has failed to point to any different rule of law in the Sixth Circuit, which would bring this case within the rule of *Rawls*. Since *Rawls* is so clearly distinguishable on its facts the court holds that it is not persuasive here. In a similar fashion, other decisions finding that § 2255 relief is inadequate involve peculiar or extraordinary circumstances. See, e.g., Spaulding v. Taylor, 336 F.2d 192 (10th Cir. 1964) (sentencing court disclaimed

jurisdiction for procedural inadequacy); Cain v. Markley, 347 F.2d 408 (7th Cir. 1965). In *Cain* the court said:

> Petitioner's argument that his section 2255 motion was inadequate and ineffective is based upon a mistaken interpretation of that section. Petitioner would have the section read that an application for a writ of habeas corpus shall not be entertained unless it appear "that the remedy by motion is inadequate or ineffective." This reading overlooks the fact that the inadequacy or ineffectiveness must relate specifically to a procedural deficiency in "test[ing] the legality of his detention."
>
> * * * The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device. True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather "to test" its legality. * * *

In addition to challenging jurisdiction, the government contends that even were this court to grant a hearing on the petition for a writ of habeas corpus, it should never reach the merits of the case, because by petitioner's own allegation in his petition "the matters here raised have already been raised unsuccessfully in a direct challenge both before the trial judge, and the Court of Appeals for the Sixth Circuit." The government then argues that if this be true, this court would in effect be asked to relitigate matters on which petitioner already had had a jury trial and determination; that habeas corpus was never intended to encompass such, or to serve as a so-called second appeal on the same issues. The government cites Spaulding v. Taylor, 336 F.2d 192 (10th Cir. 1964); Harris v. Tahash, 353 F.2d 119 (8th Cir. 1965).

In view of the fact that this court finds it lacks jurisdiction on the grounds heretofore set out, this latter question for purposes of this case is moot and need not be decided.

A separate order dismissing and denying petitioner's application for want of jurisdiction in this court has been entered.