**Richard O. CAIN, Petitioner-Appellant,**

v.

**T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.**

**No. 14802.**

United States Court of Appeals
Seventh Circuit.

May 26, 1965.

Rehearing Denied July 16, 1965

Before HASTINGS, Chief Judge, and DUFFY, SCHNACKENBERG, KNOCH, CASTLE, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner Richard O. Cain appeals from an order denying his petition for a writ of habeas corpus. He was convicted on several counts for narcotics violations. Sentence was rendered on April 12, 1957, and petitioner is presently serving a ten-year sentence on the charge of unlawful sale of narcotic drugs in violation of 26 U.S.C. § 4705(a). Sentence was imposed by the federal district court for the Western District of Missouri. Petitioner is serving the sentence at the United States Penitentiary in Terre Haute, Indiana.

Petitioner filed a motion under section 2255 of the Judicial Code, 28 U.S.C. § 2255, in the Western District of Missouri, alleging that the information charging the offense for which he is now serving sentence was defective in that it failed to name the purchaser to whom he was charged to have sold the narcotics. The district court in Missouri denied petitioner's motion. He did not appeal. He then applied for a writ of habeas corpus in the district court for the Southern District of Indiana, alleging that he was serving an invalid sentence because of the alleged defect in the information upon which he was convicted and sentenced. The district court denied the petition on the grounds that the court was without jurisdiction. Petitioner appeals from that dismissal.

Petitioner contends that the district court in Indiana, sitting in the judicial district in which he is imprisoned, had jurisdiction to entertain the application for a writ of habeas corpus despite the provisions of section 2255 and his abortive attempt to utilize that remedy. He argues that this is an instance when the remedy provided by section 2255 is "inadequate or ineffective," [1] thus permit-

Richard O. Cain, pro se and Lawrence Gunnels, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., Edward F. Kelly, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

---

1. 28 U.S.C. § 2255 reads in pertinent part: "An application for a writ of habeas corpus * * * shall not be entertained if it appears that * * * the

ting recourse to habeas corpus. Petitioner contends that although the information under which he was convicted was held to be sufficient under the applicable law in the federal circuit where he was sentenced, it was deficient under the applicable law in the federal circuit where he is imprisoned. He argues that the law controlling in this circuit requires that an indictment or information supply the name of the purchaser of the narcotics allegedly sold in violation of 26 U.S.C. § 4705(a). Lauer v. United States, 320 F.2d 187 (7th Cir.1963.) The Eighth Circuit, on the other hand, has rejected the holding in Lauer and does not require disclosure of the identity of the alleged purchaser. Jackson v. United States, 325 F.2d 477 (8th Cir.1963). Because of this conflict petitioner claims that his section 2255 remedy in the Eighth Circuit was "inadequate or ineffective" since the controlling law there would hold his sentence valid, whereas a petition for habeas corpus brought in this circuit should effect his release since the controlling law here would render his sentence invalid.

It should be noted that since petitioner has brought the instant action, the conflict in authority between the two circuits has been resolved. This court recently overruled Lauer and held that an indictment or information need not supply the name of an alleged purchaser of narcotics. Collins v. Markley, 346 F.2d 230, decided May 11, 1965. We do not choose, however, to dispose of the instant appeal by relying upon our decision in Collins. Rather, we affirm the district court's dismissal for lack of jurisdiction.

■ Petitioner's argument that his section 2255 motion was inadequate and ineffective is based upon a mistaken interpretation of that section. Petitioner would have the section read that an application for a writ of habeas corpus shall not be entertained unless it appear "that

court which sentenced him * * * has denied him relief, unless it also appears that the remedy by motion is inade-

the remedy by motion is inadequate or ineffective." This reading overlooks the fact that the inadequacy or ineffectiveness must relate specifically to a procedural deficiency in "test[ing] the legality of his detention."

■■ Petitioner's section 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device. True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather "to test" its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas corpus petition and the court which has already ruled on a section 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention.

■ For the foregoing reasons petitioner's exclusive remedy was to file a section 2255 motion in the district in which he had been sentenced. The fact that the motion was unsuccessful because of the controlling law in that circuit does not render the section 2255 procedure "inadequate or ineffective." If this were not the rule, "any adverse determination by one court of a section 2255 application would be reviewable by another court in a habeas corpus proceeding." Stirone v. Markley, 345 F.2d 473, Seventh Circuit, decided April 8, 1965.

The order of dismissal is affirmed.

Court appointed counsel, Mr. Lawrence Gunnels of the Chicago Bar, is deserving of the court's commendation and thanks for the excellent service he has rendered the petitioner in this appeal.

quate or ineffective to test the legality of his detention."