**Arturo J. ATEHORTUA, Petitioner–Appellant,**

v.

**Thomas KINDT, Warden, Respondent–Appellee.**

No. 90–2805.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 21, 1991.

Decided Dec. 17, 1991.

Atty., Office of the U.S. Atty., Indianapolis, Ind., for respondent-appellee.

Before BAUER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.

Petitioner-appellant Arturo J. Atehortua appeals the district court's denial of his habeas corpus petition brought pursuant to 28 U.S.C. § 2241. Atehortua claims that the sentence imposed for his possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 is subject to collateral attack. We vacate the district court's denial of this habeas petition for lack of jurisdiction.

## I.

Title 21, U.S.C. § 841 makes it a crime to possess cocaine with intent to distribute.[1] On October 27, 1986, the United States Congress amended 21 U.S.C. § 841. Before the amendment, a cocaine conviction under section 841 carried a maximum term of imprisonment of 15 years. Under the amended § 841(b)(1)(B), a violation involving 500 grams or more of cocaine was made punishable by a term of imprisonment of from five to forty years and/or a fine of not more than $2,000,000. The amended section also prohibited the parole of any prisoner convicted under its terms.

On November 8, 1986, twelve days after these statutory changes became effective, petitioner-appellant Arturo J. Atehortua sold approximately one kilogram of cocaine to a Federal Drug Enforcement Agency Agent. Atehortua was indicted on one count of violating 21 U.S.C. § 841(a)(1). Because his crime involved more than 500 grams of cocaine, § 841(b)(1)(B) determined the penalty range for his offense.

Atehortua pled guilty to the one count indictment pursuant to a written plea agreement with the United States Attorney's office tendered in the United States District Court for the Northern District of

Betsy K. Greene, Inmate Legal Assistance Clinic and William D. Polansky (argued), Bloomington, Ind., for petitioner-appellant.

Sue Hendricks Bailey, Asst. U.S. Atty. (argued) and Deborah J. Daniels, U.S.

1. Title 21, U.S.C. § 841(a) provides, in pertinent part, that "it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance...."

Indiana. The plea agreement included Atehortua's statement that he understood that "there [would] be no limitation, except as provided by statute, to the sentence, if any, which [he would] receive." This was followed by Atehortua's statement that he understood the maximum possible term of imprisonment upon conviction for the offense was fifteen years. The agreement did not discuss either probation or parole. It was signed and approved by Atehortua, Atehortua's attorney and a representative from the United States Attorney's office.

After the plea was entered, a probation officer prepared a presentence report that predicted a likely parole date for Atehortua after forty to fifty-two months in prison. On June 19, 1987, the district court judge sentenced Atehortua to eight years in prison, with a three year term of special parole to follow.

The probation office realized thereafter that it had over-estimated Atehortua's offense severity under the United States Parole Commission Guidelines and advised the Parole Commission that the correct severity level was a Category 5. The Parole Commission then revised its estimate and decided that Atehortua, assuming good behavior, would probably be paroled after 32 months. The presumptive parole date for Atehortua was determined to be February 12, 1990.

Atehortua, believing that the inflated severity level in his presentence report had contributed to a sentence greater than warranted, filed a Fed.R.Crim.P. 35 motion in the district court to Correct or Reduce the eight year sentence imposed. The district court judge denied the motion and this court affirmed the denial in *United States v. Atehortua*, 875 F.2d 149 (7th Cir.1989).[2]

While this original appeal was pending, a case manager at the Federal Prison Camp in Terre Haute, Indiana, where the defendant was incarcerated, realized that the parties' view of the applicability of the

§ 841 amendments was improper. The case manager reported to the Parole Commission that 21 U.S.C. § 841(b)(1)(B) did apply to Atehortua, and by its terms prohibited Atehortua's parole and required that he serve the eight year term. On November 2, 1988, the Parole Commission, citing the case manager's report, voided its earlier determination of presumptive parole after 32 months.

Atehortua responded with the filing of a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, on September 29, 1989, in the Southern District of Indiana. In this petition, Atehortua requested that the district court order the Bureau of Prisons to recompute his sentence as if the non-parole status created by the amendment to 21 U.S.C. § 841 was not applicable, and further that the previously voided parole date be reinstated. He claims that the parole agreement contained an implicit understanding and promise by the parties that the defendant would be sentenced under the older version of 21 U.S.C. § 841, which authorized the determination of presumptive parole after 32 months. Atehortua also argues that the Parole Commission's decision to disregard the prior presumptive parole date constituted a breach of the plea agreement and thus a violation of his fifth amendment due process rights. He also requested an order directing specific performance of the plea agreement, arguing that the government was estopped from relying on the new § 841 since it failed to bring it to the attention of the defendant or the court.

The district court denied his petition for habeas corpus relief on July 23, 1990. Atehortua appeals this denial. We dismiss his appeal and vacate the lower court judgment denying habeas relief because we are of the opinion that the district court lacked jurisdiction under 28 U.S.C. § 2241.

## II.

▮ Petitioner-appellant's habeas corpus petition suffers from a fatal jurisdictional

---

2. As we noted in this decision, both parties assumed that the October 1986 amendments to § 841 were not operative when Atehortua committed his crime in November 1986. Our opinion stated that "[w]e need not decide whether

[the parties' assumption that the October 1986 amendments were not operative in November 1986] ... is correct." *Atehortua*, 875 F.2d at 150.

defect. Atehortua sued under 28 U.S.C. § 2241, which allows a federal prisoner to sue a custodian holding him in violation of his constitutional rights or in violation of the laws of the United States.

Atehortua does not contend, however, that either the warden or the parole commission is violating his rights. He concedes that 21 U.S.C. § 841 makes his sentence non-parolable. See *Gozlon–Peretz v. United States,* — U.S. —, 111 S.Ct. 840, 846, 112 L.Ed.2d 919 (1991). He also concedes that the statute is constitutional. Atehortua argues instead that his sentence is unconstitutional because it is part of a plea agreement he reached with the government while both parties were suffering under a misapprehension of the applicable law. This is a direct challenge to the validity of the sentence itself, not to the actions of the warden or the parole commission in carrying it out. Section 2241 provides a vehicle for attacking "the execution, not the validity, of the sentence." *United States v. Ford,* 627 F.2d 807, 813 (7th Cir.), *cert. denied, Ford v. United States,* 449 U.S. 923, 101 S.Ct. 324, 66 L.Ed.2d 151 (1980). The proper jurisdictional basis for the petitioner's challenge is 28 U.S.C. § 2255. That section provides, in pertinent part, that a "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." This describes precisely the claim Atehortua has attempted to bring. Moreover, § 2255 makes clear that it is the *exclusive* remedy for claimants in Atehortua's circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by mo-

tion is inadequate or ineffective to test the legality of his detention.

The issue of the petitioner-appellant's eligibility for parole has not been raised in the sentencing court. Because Atehortua has failed to demonstrate that a § 2255 motion is inadequate to test the legality of his detention, he is barred from bringing a habeas petition under § 2241. The trial court lacked jurisdiction to hear a claim under § 2241.

### III.

█ We do not believe Atehortua could prevail on the merits of the suit he should have filed under § 2255. His argument would have to be that when the government, the defendant and the district court judge are all mistaken about the parole consequences of a sentence, then the sentence is subject to a habeas collateral attack. The underlying assumption of this argument is that the district judge would have imposed a shorter sentence had he known that § 841 no longer allowed parole for the offense for which the petitioner-appellant was sentenced. Atehortua also claims that the United States is "estopped" to rely on the amended statute because it failed to call it to the attention of the court.

To mount a successful § 2255 challenge, Atehortua must establish that his custody violates the laws or the Constitution of the United States. Atehortua's eight-year sentence without the possibility of parole does not violate any federal law; its terms are mandated by the plain language of 21 U.S.C. § 841(b)(1)(B). His claim would have to be, then, that the sentence violates the Constitution. The Supreme Court considered an analogous argument in *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). In *Addonizio,* the trial judge imposed a sentence on the defendant with the expectation that "exemplary institutional behavior would lead to [his] release when he became eligible for parole after serving one-third of his sentence. The judge did not contemplate that the Parole Commission might rely on the seriousness of the offense as a reason for refusing a parole," which the defendant

would otherwise receive. *Id.* at 180–82, 99 S.Ct. at 2238. The Parole Commission, however, did just that, denying Addonizio parole because of the seriousness of his offense. Addonizio then filed a § 2255 petition before the sentencing judge protesting the Parole Commission's decision. The judge reduced the sentence, stating that his own expectations of the length of Addonizio's imprisonment had been frustrated by the decision of the Parole Commission. *Id.* at 183, 99 S.Ct. at 2239.

The Supreme Court reversed the trial court's reduction in sentence. The Court held that "[t]he claimed error here—that the judge was incorrect in his assumptions about the future course of parole proceedings—does not meet any of the established standards of collateral attack. There is no claim of a constitutional violation; the sentence imposed was within the statutory limits; and the proceeding was not infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *Id.* at 186, 99 S.Ct. at 2241. "[T]his change affected the way in which the court's judgment and sentence would be performed but it did not affect the lawfulness of the judgment...." *Id.* at 187, 99 S.Ct. at 2241.

[A] judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met. To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts.

*Id.* at 190, 99 S.Ct. at 2243. A § 2255 challenge mounted by Atehortua must necessarily claim that the frustration of the expectations of the government and the defendant are enough to make an otherwise lawful sentence unconstitutional. Such an argument is inconsistent with *Ad-*

*donizio*, which teaches that even if the parole expectations of the trial judge are frustrated, it does not constitute a § 2255 violation.

## IV.

Regardless of the eventual disposition of the possible § 2255 petition, the district court did not have jurisdiction to hear the suit Atehortua brought under § 2241 because that statute is a vehicle for challenging the execution, not the validity, of a sentence, and the instant claim attempts the latter. We therefore vacate the trial court's judgment.

BAUER, Chief Judge, concurring.

I concur. I am happy to join the opinion except for Section III. Since the issue is not before us, I would save that decision for a later day.