956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gus CURCIO, Petitioner-Appellant,
v.
WARDEN, UNITED STATES PENITENTIARY, RAY BROOK, NEW YORK,
Respondent-Appellee.
 No. 91-1967.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 3, 1992.*
Decided March 6, 1992.
 
 Before FLAUM, and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 Order
 
 1
 While Gus Curcio was incarcerated at the federal penitentiary in Terre Haute, Indiana, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. His subsequent transfer to a prison in New York would not affect the court's jurisdiction--but as it turns out the court never had jurisdiction, because Curcio should have sought relief under § 2255 in the sentencing court.
 
 
 2
 Section 2241 allows a federal prisoner to challenge the execution of the sentence in the district where he is confined; to challenge the judgment itself, the prisoner must return to the sentencing district under § 2255. See Atehurtua v. Kindt, 951 F.2d 126, 129 (7th Cir.1991). Curcio was sentenced by the District of Connecticut to a term that, according to the express language of the judgment, runs consecutively to earlier sentences. The Bureau of Prisons reads the Connecticut judgment to mean what it says.
 
 
 3
 Curcio contends that the judgment is inconsistent with remarks the judge made during sentencing, and that the oral statements control. This, however, is an argument that the judgment is defective. A judgment open to collateral attack must be revised by the sentencing court under § 2255. Unless and until the District of Connecticut revises the judgment, the Bureau of Prisons is entitled to implement it according to its terms, as consecutive to other sentences.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement. After consideration of that statement, the court concluded that oral argument is unnecessary, so the appeal is submitted for decision on the briefs and record