968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Martin F. TROCHE, Petitioner/Appellant,
v.
Honorable Edwin MEESE, III, Attorney General of the United
States and (his authorized representative) and Honorable
Calvin R. Edwards, Warden of the United States Penitentiary,
Terre Haute, Indiana and any other person having custody and
control over the body of Martin F. Troche, Respondents/Appellees.
 No. 90-3096.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1992.*
Decided July 16, 1992.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division, No. 88 C 118; Gene E. Brooks, Chief Judge.
 
 
 1
 S.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 A jury convicted petitioner Martin Troche of uttering forged Treasury checks. 18 U.S.C. § 495. The federal district court for the Eastern District of Pennsylvania imposed a sentence of eight years' imprisonment, to be served at the federal penitentiary in Terre Haute, Indiana. While incarcerated there, Troche filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 arguing that his conviction was invalid because the indictment was never submitted to the grand jury. Troche appeals the district court's summary dismissal of his petition for lack of jurisdiction. We affirm.
 
 
 4
 Section 2241 allows a federal prisoner to contest the enforcement, not the legality, of his sentence. See Atehurtua v. Kindt, 951 F.2d 126, 129 (7th Cir.1991). To collaterally attack the legality of the conviction itself, a federal prisoner must file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing district or demonstrate that a motion under § 2255 petition is an "inadequate or ineffective" remedy.[1] Id. Troche's defective indictment claim is a direct attack on the legality of his confinement. Consequently, to pursue this claim, he must return to the sentencing court under § 2255.
 
 
 5
 Troche argues that a motion pursuant to § 2255 is inadequate to test the constitutionality of his detention. However, he alleges no facts demonstrating the ineffectiveness of a § 2255 remedy.[2] Instead, he points to three prior unsuccessful § 2255 motions filed in the Eastern District of Pennsylvania. There is some question as to whether Troche has ever raised his defective indictment claim in the sentencing district.[3] Even so, Troche's prior unsuccessful § 2255 motions do not demonstrate that his remedy under that section was deficient or futile. See Cain v. Markley, 347 F.2d 408, 410 (7th Cir.1965); Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.1965).
 
 
 6
 Troche has failed to demonstrate that a § 2255 petition in the sentencing court is inadequate to test the constitutionality of his detention. As such, the district court correctly concluded that it lacked jurisdiction to entertain Troche's § 2241 petition for a writ of habeas corpus. Accordingly, the district court's order dismissing Troche's petition is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 28 U.S.C. § 2255 reads in part:
 An application for a writ of habeas corpus
 ... shall not be entertained if it appears that ... the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
 
 
 [2]
 Troche further contends that a § 2255 remedy in the sentencing court is inadequate because that court's jurisdiction was void "ab initio" due to the fact that the indictment was never presented to a grand jury. This contention is without merit. The court is entitled to consider its own jurisdiction. Section 2255 specifically provides that the sentencing court may vacate its sentence if it finds that it lacked jurisdiction to impose such a sentence
 
 
 [3]
 Troche claims that he submitted the invalid indictment issue to the sentencing court three times. Troche provided the district court with three adverse habeas rulings from the Pennsylvania federal district court. None of these rulings mention Troche's claim that the indictment was not submitted to the grand jury. However, several pro se motions that Troche presented to the trial court do challenge the validity of the indictment