O'Murchu v. USA                         CV-93-030-B    05/13/93

                 UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEW HAMPSHIRE

Noel O'Murchu

      v.                                    Civil No. 93-030-B

United States of America


                              **O R D E R**


     Noel O'Murchu appeals from the Magistrate Judge's Report and
Recommendation denying his petition for writ of habeas corpus.
For reasons discussed below, the court adopts the Magistrate
Judge's recommendation and dismisses O'Murchu's petition.


                        I.   BACKGROUND

     On November 26, 1986, O'Murchu was convicted in the United
States District Court for the District of Massachusetts of
conspiracy to export arms without a license, conspiracy to
violate domestic firearms laws, and unlawful dealing in firearms.
The First Circuit Court of Appeals affirmed his conviction, see
United States v. Murphy, 852 F.2d 1 (1st Cir. 1988), cert.
denied, 498 U.S. 1022 (1989), and subsequently denied his
petition for rehearing.  After unsuccessfully seeking certiorari

from the United States Supreme Court, O'Murchu filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. See Murchu v. United States, 926 F.2d 50, 52 (1st Cir.), cert. denied, 112 S. Ct. 99 (1991). In his motion, O'Murchu alleged, among other things, that the government's use of its peremptory challenges to remove four prospective jurors with Irish surnames violated his Fourteenth Amendment right to equal protection of the law under Batson v. Kentucky, 476 U.S. 79 (1986). The First Circuit held that because O'Murchu neither alleged nor suggested that Irish Americans, as a group, are singled out for discrimination, he failed to state a Batson claim. See Murchu, 926 F.2d at 55.

Six years later, while incarcerated at a federal detention center in Oakdale, Louisiana, O'Murchu filed a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana in which he stated:

> Petitioner, wishes to raise one ground and one ground only. The petit jury which convicted the petitioner was unconstitutionally selected and impaneled.
>
> The prosecutor removed via discriminatory peremptory challenges Americans of Irish ancestry from the petit jury in violation of Batson v. Kentucky
> . . . .

2

. . . .

> Petitioner presented a prima facie case
> of purposeful discrimination in the selection
> of his petit jury.  The trial judge failed to
> hold a <u>Batson</u> hearing and hence failed to
> require the prosecutor to articulate race-
> neutral reasons for his strikes.

Petition for Habeas Corpus at 5.

Four months after filing his petition, on April 10, 1992, O'Murchu completed his sentence but was subsequently taken into custody by the United States Immigration and Naturalization Service ("INS") and transported to Manchester, New Hampshire.[1] Nine months later, on January 19, 1993, the district court in Louisiana (Timbers, J.) held that since O'Murchu's petition "challenges First Circuit law," it "would be better heard by a Court in the First Circuit."  The court then ordered the case "transferred to the United States District Court, District of New Hampshire."

On January 27, 1993, United States Magistrate Judge William H. Barry, Jr., issued a Report and Recommendation denying O'Murchu's petition for habeas corpus.  The Magistrate Judge found that the issue on which O'Murchu "is now seeking a writ of

---

[1]For a more detailed discussion of O'Murchu's current custody status, see <u>Noel O'Murchu a/k/a Noel Murphy v. William P. Barr, et al.</u>, No. C-92-550-L (D.N.H. Nov. 19, 1992) (Loughlin, J.)

3

habeas corpus is identical to those issues previously set forth by the petitioner and fully determined by the First Circuit." The Magistrate Judge also noted that since O'Murchu was attacking his underlying conviction, and since his sentence had expired during the course of these proceedings, his petition was moot.

## II.  DISCUSSION

O'Murchu objects to the Magistrate Judge's Report and Recommendation because he contends that only the Western District of Louisiana has jurisdiction to consider his habeas corpus petition.  He also challenges the Magistrate Judge's conclusion that he is not entitled to habeas corpus relief because the issue he raises was already considered and found to be without merit when his sentencing court denied the motion for new trial he filed pursuant to 28 U.S.C. § 2255.  The court finds neither argument persuasive.

A.  Exclusive Jurisdiction

This court has no authority to review the propriety of a transfer order issued by another district court.  Nevertheless, the court must independently determine whether it has jurisdiction to consider O'Murchu's claims.  While O'Murchu may be correct that Western District of Louisiana did not lose

4

jurisdiction over his habeas corpus petition simply because he was transferred to a different district after the petition was filed, see, e.g., Ahrens v. Clark, 335 U.S. 188, 193 (1948) (transfer after habeas corpus petition was filed does not defeat jurisdiction of court where petition was filed); Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990); Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985), jurisdiction also exists in any other district where the detained person's custodian resides.[2]  See Braden, 410 U.S. at 496 (1973); United States v. DiRusso, 535 F.2d 673, 676 (1st Cir. 1976). Since O'Murchu is detained in New Hampshire under the control of a custodian residing in this district, this court has jurisdiction to accept the transfer order from the Western District of Louisiana.

_____

[2] O'Murchu is not in a position to challenge jurisdiction on this point since he has previously filed a habeas corpus petition in this district in which he acknowledges that the court has jurisdiction to consider his claims because he is being held in New Hampshire.  O'Murchu, No. C-92-550-L (D.N.H. Nov. 19, 1992) (Loughlin, J.)

5

B.  28 U.S.C. § 2255

Section 2255 of Title 28 limits a petitioner's right to apply for habeas corpus relief in certain cases.  If a petitioner is authorized to file a section 2255 motion and the court with jurisdiction to consider that motion denies his request for relief, he may not thereafter apply for the same relief in a habeas corpus petition unless "it also appears that the [section 2255] remedy . . . is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

O'Murchu concedes that the First Circuit Court of Appeals has already upheld the District Court's denial of his section 2255 motion raising the same issue he raises here.  Nevertheless, he argues that his section 2255 motion was an "inadequate or ineffective" means to test the legality of his detention because the First Circuit case law is less helpful to his cause than the law followed in several other circuits.  However, a section 2255 motion cannot be considered inadequate or ineffective merely because the circuit law is unfavorable.  Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965) (section 2255 is not an inadequate or ineffective remedy even though law to be applied by habeas corpus court might entitle petitioner to relief whereas law applied by section 2255 court would not); Application of Galante,

6

437 F.2d 1164, 1166 (3rd Cir. 1971); see also McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979); 3 Charles A. Wright, Federal Practice & Procedure § 591, at 427 (1982) ("[t]he court for the district in which the prisoner is confined cannot be permitted to second guess the sentencing court, and the court of appeals to which it is responsible").

If the court that convicted and sentenced O'Murchu and the Court of Appeals that upheld his conviction and later determined that his section 2255 motion was without merit were wrong in their judgments, O'Murchu's only remedy was with the United States Supreme Court. A district court in the district where he is confined simply has no authority in ruling on a petition for habeas corpus to overturn the decision of the First Circuit Court of Appeals on his section 2255 motion. Thus, even if O'Murchu's petition had not been transferred from the Western District of Louisiana to a district court in the First Circuit, his petition would have to be denied.[3]

---

[3]The court notes that it would be futile to transfer O'Murchu's current petition to the district court where he was convicted and sentenced so that his petition could be considered as another section 2255 motion. If O'Murchu has a basis to convince the Court of Appeals to reconsider its denial of his original section 2255 motion, he is free to make his argument to the Court of Appeals in his appeal from this order.

### III.   CONCLUSION

O'Murchu's Petition for Writ of Habeas Corpus is dismissed.


SO ORDERED.


_____
Paul Barbadoro
United States District Judge

May 13, 1993

cc:  Noel O'Murchu, pro se
     United States Attorney

8