12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Herman T. HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1999.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Herman T. Harris, proceeding pro se, appeals the district court's summary denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. We affirm in part, and dismiss the petition.
 
 
 2
 Harris first argues that his fifteen-year federal sentence for conspiring to distribute narcotics in violation of 21 U.S.C. Sec. 846 is unconstitutional because it ran consecutive to a state sentence which had not yet been imposed. This argument is a direct challenge to the validity of Harris' sentence, and therefore should have been brought in a motion to vacate, set aside, or correct the federal sentence under 28 U.S.C. Sec. 2255. Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir.1991). Section 2255 is the exclusive remedy for a challenge to the validity of a sentence. Id. The district court properly treated this claim as a motion under Sec. 2255. However, the district court addressed the merits of the claim without considering a procedural default.
 
 
 3
 Harris' failure to raise this constitutional challenge to his sentence at trial or on direct appeal bars him from raising it in this Sec. 2255 proceeding absent a showing of cause for the procedural default and actual prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); Norris v. United States, 687 F.2d 899, 901 (7th Cir.1982). "The failure of a petitioner to establish either cause or prejudice requires dismissal of his habeas petition." Salberg v. United States, 969 F.2d 379, 381 (7th Cir.1992) (citation omitted). "The requirement that a petitioner demonstrate both cause and prejudice to overcome procedural default should not be dispensed with lightly." Degaglia v. United States, No. 92-2033, slip. op. at 6 (October 12, 1993). Harris argues that he failed to challenge the constitutionality of his sentence on direct appeal because he did not know his federal sentence was consecutive to the state sentence until several years later. We need not decide whether this argument establishes cause for his procedural default because we conclude that Harris has not established any prejudice. "[I]t is permissible for the court to address the issue of prejudice first when such a course is more expedient." Id. at 7.
 
 
 4
 To establish prejudice, Harris must show that the errors at trial "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 170 (emphasis in original). Harris does not meet this burden. At the time of Harris' indictment for conspiracy to distribute narcotics, Harris was a prisoner in the state of Indiana. Harris was brought into federal custody for his federal prosecution pursuant to a writ of habeas corpus ad prosequendum. This writ enables a jurisdiction to take temporary custody of a prisoner confined within another jurisdiction and indict, prosecute, and sentence the prisoner. Flick v. Blevins, 887 F.2d 778, 781 (7th Cir.1989), cert. denied, 495 U.S. 934 (1990). When a prisoner is transferred pursuant to the writ, the prisoner is considered to be "on loan" to the federal authorities, and the sending state's jurisdiction over the prisoner continues without interruption. Crawford v. Jackson, 589 F.2d 693, 695 (D.C.Cir.1978), cert. denied, 441 U.S. 934 (1979).
 
 
 5
 Harris was returned to the custody of the state of Indiana after receiving a federal sentence of 15 years' imprisonment. Under 18 U.S.C. Sec. 3568, a sentence of imprisonment begins to run "from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."[1] 18 U.S.C. Sec. 3568 (1976). Harris' sentence began to run in December, 1979, when he was released by the state of Indiana and delivered to federal authorities for confinement. Blackshear v. United States, 434 F.2d 58, 59 (5th Cir.1970). The Department of Justice had no authority to enforce the sentence prior to this time. Crawford, 589 F.2d at 696. Further, a district court had no power under Sec. 3568 to order a federal sentence to run concurrently with a state sentence. United States v. Thornton, 710 F.2d 513, 516 (9th Cir.1983). Therefore, Harris would not be entitled to any credit to his federal sentence for time served in federal or state custody prior to December, 1979. We affirm the district court's denial of the portion of the petition challenging the constitutionality of Harris's sentence, which the district court treated as a motion under 28 U.S.C. Sec. 2255.
 
 
 6
 Harris next asserts that he was entitled to credit on his federal sentence for the time spent in state custody awaiting his federal trial and serving his state sentence. These claims were properly brought under 28 U.S.C. Sec. 2241, which provides a vehicle for challenging the execution of a sentence.[2] Atehortua, 951 F.2d at 129. A petition under Sec. 2241 may be brought only in a district court which has personal jurisdiction over the petitioner or his custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989); United States v. Mares, 868 F.2d 151, 151-52 (5th Cir.1989); Hanahan v. Luther, 760 F.2d 148, 149 (7th Cir.1985). Harris was confined at the Federal Medical Center in Rochester, Minnesota, at the time he filed his Sec. 2241 petition, and remains confined there. Since this is outside the Northern District of Indiana, the district court lacked jurisdiction over Harris or his custodian. Braden, 410 U.S. at 495. We therefore vacate the district court's judgment under 28 U.S.C. Sec. 2241 and dismiss, for lack of personal jurisdiction, the portion of the petition seeking credit on the federal sentence for the time spent in state custody.
 
 
 7
 AFFIRMED in part, and DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Congress repealed 18 U.S.C. Sec. 3568 and declared that 18 U.S.C. Sec. 3585 applies to offenses committed after November 1, 1987. Because this case involves offenses committed before that date, Sec. 3568 applies
 
 
 [2]
 Harris' petition is brought against the United States of America. The proper respondent is his warden at the Federal Medical Center in Rochester, Minnesota. 28 U.S.C. Sec. 2243; Jackson v. Brennan, 924 F.2d 725, 727 n. 2 (7th Cir.1991). This raises the issue of sovereign immunity of the United States. Under a liberal construction of pro se appeals, Haines v. Kerner, 404 U.S. 519, 520 (1972), we construe Harris' petition as filed against the proper respondent, the warden