14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Roger D. HAWKINS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-2806.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 28, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 While an inmate, Roger Hawkins was charged with and pled guilty to possession of prohibited objects while in federal custody in violation of 18 U.S.C. Sec. 1791(a)(2) and destruction of government property valued in excess of $100.00 in violation of 18 U.S.C. Sec. 1361. Hawkins was sentenced to 15 years incarceration to run concurrently with the 15 year sentence he was serving for kidnapping. He filed a petition to vacate, correct, or set aside his sentence under 28 U.S.C. Sec. 2255 on the grounds that the government breached the terms of his plea agreement. The district court found that the government complied with the agreement and we affirm.
 
 
 2
 The initial charges against Hawkins included attempted escape. Under the plea agreement the attempted escape charge was dropped. Nevertheless, the government inserted the circumstances surrounding the attempted escape, including an alleged plan to take hostages and murder a prison official, in its version of the offense submitted to the Probation Department. Hawkins objected to the inclusion of that information in the Pre-Sentence Investigation (P.S.I.) and challenged its veracity.[1] The government agreed to withdraw them from the P.S.I.. The district court ordered the government to submit a new version of the offense to the Probation Department. The Probation Department submitted the unredacted version to the Parole Commission, however, and the Commission considered the aggravating circumstances in denying him parole.
 
 
 3
 In his Sec. 2255 petition Hawkins objected to the parole board's consideration of the aggravating circumstances and claims that the government breached the terms of the plea agreement. The district court found that the plea agreement had not been breached, but that its order to submit a redacted version of the offense to the Probation Department had not been properly followed. Rather than order Hawkins's release from prison, the district court ordered the Parole Commission to reconsider his application for parole ignoring the aggravating allegations.[2] Hawkins appealed.
 
 
 4
 Before Hawkins submitted a supporting brief, the Parole Commission reconsidered his application for parole and rendered a decision, which he claims failed to comply with the district court's order. Because this is an appeal of the district court's decision on Hawkins's Sec. 2255 petition only, and because the Parole Commission's second determination was not part of that decision, this court does not have jurisdiction to consider Hawkins's objections to that determination. See Barker v. United States, Nos. 91-1746 & 91-1956, slip op. at 5 (7th Cir. Oct. 15, 1993) (issues not raised in a Sec. 2255 petition and therefore not considered by the district court cannot be considered on appeal). To obtain review of the Parole Commission's second determination, Hawkins would have to raise his objections in a separate proceeding.
 
 
 5
 On the other hand, we do have jurisdiction to consider Hawkins's claim that the district court improperly concluded that the government did not violate the plea agreement. However, we find no clear error in the district court's conclusion. Although plea agreements are unique and call for special considerations of due process, they are treated as contracts to which the ordinary principles of contract law apply. Carnine v. United States, 974 F.2d 924, 928 (7th Cir.1992). Here, the district court could properly find that the terms of the agreement expressly contemplated disclosure of the aggravating circumstances surrounding Hawkins's charges:
 
 
 6
 The United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters including all matters in aggravation and mitigation relevant to the issue of sentencing.
 
 
 7
 (Plea Agreement, p 10). During his plea hearing, Hawkins stated that he read the plea agreement and that no promises were made that were not contained in the agreement. Tr. 13. See United States v. Coonce, 961 F.2d 1268, 1276-77 (7th Cir.1992). Hawkins does not point to any express representation, either oral or in writing, that contradicts the plea agreement itself. Augustine v. Brewer, 821 F.2d 365, 368-69 (7th Cir.1987). Therefore, the district court's finding that the government did not violate the plea agreement, by including the aggravating circumstances in the version of the offense submitted to the Probation Department, was not clearly erroneous.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court denied a motion to withdraw Hawkins's guilty plea and he did not appeal
 
 
 [2]
 Although the government argued, under United States v. Leath, 711 F.2d 119 (8th Cir.1983), that petitioner's complaints were directed at the execution of his sentence and therefore not properly brought under Sec. 2255, the jurisdictional defect is not raised on appeal. Nevertheless, we agree with the district court's conclusion that a Sec. 2255 petition was the proper vehicle for bringing his claims. See Atehortua v. Kindt, 951 F.2d 126, 128-129 (7th Cir.1991)