**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                       No. 95-5123

TED WILLIAMS JUERGENS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Richard L. Voorhees, Chief District Judge.
(CR-94-53)

Submitted: December 5, 1995

Decided: May 13, 1996

Before WILKINSON, Chief Judge, WILLIAMS, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roy H. Patton, Jr., KILLIAN, KERSTEN, PATTON & ELLIS, P.A.,
Waynesville, North Carolina, for Appellant. Mark T. Calloway,
United States Attorney, Jerry W. Miller, Assistant United States
Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ted Williams Juergens appeals the district court order revoking his supervised release and imposing a sentence of twenty-one months. Juergens contends that the term of supervised release was imposed invalidly and that the district court erred in refusing to address the issue. We hold that the district court correctly declined to consider the claim, because it was improperly raised at the revocation hearing.

Juergens pled guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) (1988), in the United States District Court for the Eastern District of Missouri. Juergens was sentenced to a prison term of five years to be followed by a five year term of supervised release. Juergens did not appeal.

After serving his prison sentence, Juergens was released, and jurisdiction over the supervised release portion of the sentence was transferred to the United States Probation Office for the Western District of North Carolina. Within a few days of his release from custody, Juergens was arrested and subsequently charged with various crimes, for which he entered pleas of guilty in the Superior Court of North Carolina.

A petition for revocation of the supervised release was filed in North Carolina district court. At the hearing, Juergens admitted to violations of his supervised release; however, he attempted to attack collaterally the validity of the original sentence by the Missouri district court, alleging defects in the Federal Rule of Criminal Procedure 11 proceedings and ineffectiveness of counsel.

An unappealed sentence or a sentence upheld on appeal is presumed valid until vacated under 28 U.S.C. § 2255 (1988), the exclusive remedy for individuals challenging the validity of a sentence.

2

United States v. Almand, 992 F.2d 316, 317-18 (11th Cir. 1993); see also Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991); Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). Juergens did not attempt to commence an action under § 2255 for relief from his sentence. Rather, he raised his contentions as objections to the revocation of supervised release. Therefore, Juergens's claim was improperly raised, and the district court correctly declined to address the merits of his arguments.

Even if Juergens's objections could have been construed as a § 2255 petition, the district court was without jurisdiction to act on Juergens's claim because his § 2255 petition could only be brought in the Eastern District of Missouri, the court which imposed sentence. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Therefore, while we express no opinion as to the merits of any § 2255 petition Juergens may file in the Missouri district court, we affirm the order revoking his supervised release. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3