142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew MENICHINO, Petitioner-Appellant,
v.
J.J. CLARK, Warden,[1] Respondent-Appellee.
 No. 97-3769.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 3, 1998.*
Decided March 11, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division, No. 97 C 213. John D. Tinder, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Andrew Menichino, an inmate at the United States Prison in Terre Haute, Indiana, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The term of imprisonment Menichino is currently serving was imposed by the United States District Court for the Western District of Michigan for bank fraud in violation of 18 U.S.C. § 1344; he has already served two federal sentences imposed by the United States District Court for the Middle District of Florida for conspiracy to commit bank, wire, and mail fraud, bank fraud, and wire fraud. Menichino contends that the United States Bureau of Prisons ("BOP") improperly calculated his sentence, and challenges the validity of his conviction. We affirm.
 
 
 2
 In July 1991, the United States District Court for the Middle District of Florida sentenced Menichino to 33 months' imprisonment for conspiracy to commit bank, wire and mail fraud, and wire fraud. In May 1992, he was sentenced to 21 months' imprisonment for conspiracy to commit bank fraud and bank fraud. The 21-month sentence was to run consecutively to the 33-month sentence. These fraud convictions also constituted a violation of Menichino's parole from an earlier cocaine conviction, and the Parole Commission revoked his parole for 18 months.
 
 
 3
 While Menichino was appealing his Florida convictions, he was convicted on several counts of bank fraud and other fraud in the Western District of Michigan. Count 2 related to conduct occurring before November 1, 1987, and therefore, on that count he was sentenced under the law before the Sentencing Reform Act. On the rest of the counts, he was sentenced under the Sentencing Reform Act. The Michigan district court sentenced Menichino to 60 months' imprisonment on the pre-Sentencing Reform Act count, and seven other counts, to run concurrently with one another; and all of these counts were to run consecutively to a term of 60 months on the rest of the counts Menichino was convicted of. Further, both of these 60-month sentences were to run consecutively to the sentences presently being served in Florida.
 
 
 4
 The Michigan District Court handed down these sentences in 1993; the 33-month sentence was also affirmed in 1993 by the Eleventh Circuit. In 1995, the Eleventh Circuit reversed and remanded the 21-month sentence. The Florida district court then sentenced Menichino to 41 months' imprisonment. However, this term of 41 months was to run concurrent with the 33-month sentence, and was ordered nunc pro tunc to July 25, 1991 when the 33-month sentence began.[2]
 
 
 5
 We review the Indiana district court's legal conclusions de novo. See Barnard v. Henman, 89 F.3d 373, 376 (7th Cir.1996). On appeal, Menichino argues that his Michigan sentence should run consecutively only to the 33-month sentence then being served in the Middle District of Florida, not consecutively to the 21-month sentence that had yet to begin running. Because this 21-month sentence was subsequently vacated, Menichino effectively argues that his Michigan sentence should run concurrently with the time remaining on the 41-month sentence after the 33-month term is discharged. The Michigan district court's judgment read: "Sentence to run consecutively to the sentences presently being served in the Middle District of Florida." (emphasis added). The BOP interpreted this judgment as ordering the Michigan sentence to be served consecutively to the terms of imprisonment imposed by the Florida district court. This interpretation is supported by 18 U.S.C. § 3584 (effective Nov. 1, 1987), which provides: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Based on the district court's order, the BOP reasonably calculated Menichino's Michigan sentence as running consecutively to his Florida sentences without regard to when the Florida terms of imprisonment commenced.
 
 
 6
 Further, as the Indiana district court held, any ambiguity as to what the Michigan district court intended when sentencing Menichino had to be resolved before the Michigan district court through a 28 U .S.C. § 2255 proceeding. Carnine v. United States, 974 F.2d 924, 927 (7th Cir.1992) ("Section 2255 is the proper vehicle for collaterally attacking the validity of a conviction and sentence. Judicial review pursuant to 28 U.S.C. § 2241, in contrast, provides the appropriate mechanism in a claim concerning the computation of a sentence.").
 
 
 7
 Menichino also argues that the BOP should have calculated the Michigan sentence as running concurrently with all the undischarged sentences then being served, in accordance with § 5G1.3 of the United States Sentencing Guidelines. Section 5G1.3 has been amended since Menichino was sentenced, and he contends that his sentence should be adjusted accordingly. Menichino apparently seeks a modification of his sentence based on the retroactive application of amendments to § 5G1.3. We lack jurisdiction to hear this claim under § 2241. See Carnine, 974 F.2d at 927.
 
 
 8
 Menichino further contends that his guilty plea to the Michigan district court was invalid because recently discovered evidence shows that Great Lakes Bancorp, the bank he admitted to defrauding, was not federally chartered or insured as required by 18 U.S.C. § 1344 (1988), thereby depriving the district court of jurisdiction This claim is not properly raised under § 2241 because it constitutes a challenge to the validity of Menichino's conviction and sentence. See Doe v. United States, 51 F.3d 693, 698 (7th Cir.1995) (proper jurisdictional basis is 28 U.S.C § 2255, not 28 U.S.C. § 2241, where thrust of petition is directed not to actions of the Parole Commission but to the constitutionality of the guilty plea); Carnine, 974 F.2d at 927.
 
 
 9
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 On appeal, Menichino incorrectly names the United States as the respondent-appellee. Because this is an appeal from a denial of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the correct respondent is the custodian who holds him in what is alleged to be unlawful custody--in this case, Warden J.J. Clark. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir.1991)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [2]
 Menichino was released during the pendency of his appeal after posting a bond. Thus, most of the 33-month sentence did not begin to run until 1993. See Fed.R.Crim.P. 38(b)